IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02254-BNB

TOMMY LEE ROBINSON,

Plaintiff,

v.

ARISTEDES ZAVARAS (Executive Director),
RICHARD HARLAN (Warden),
TONY PHILPOT (Major),
SHANNON CURTIS (Captain),
WAYNE SALBATA (Lieutenant), and
TRAVIS COBERLY (Correctional Officer),

Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 3 2008

GREGORY C. LANGHAM
CLERK

---

ORDER OF DISMISSAL

---

Plaintiff, Tommy Lee Robinson, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Trinidad, Colorado, correctional facility. Mr. Robinson initiated this action by filing *pro se* a civil rights complaint pursuant to 42 U.S.C. § 1983 (2006) and 28 U.S.C. § 1343(a)(3) (1993), alleging that the Defendants violated his Eighth Amendment rights under the United States Constitution. He seeks money damages as relief.

Mr. Robinson has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (2006). Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts

that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).
For the reasons stated below, the Court will dismiss the complaint in part as barred by the
rule in *Edwards v. Balisok*, 520 U.S. 641 (1997), and in part pursuant to § 1915(e)(2)(B)
as legally frivolous. The Court must construe the complaint liberally because Mr.
Robinson is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);
*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not
be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110.

Mr. Robinson alleges that on May 14, 2007, he left his cell and went to the
restroom before the formal prisoner count had cleared. Pursuant to the Code of Penal
Discipline, he was charged with and convicted of the disciplinary offense of
unauthorized absence for violating a facility rule. He alleges that, following a
disciplinary hearing, he was sanctioned by the loss of twenty days of good-time credits,
and that the disciplinary conviction was affirmed on appeal. On the basis of these
allegations, he contends that his Eighth Amendment rights to be free from cruel and
unusual punishment were violated.

Mr. Robinson's claim that not being allowed to go to the restroom before
completion of the a formal count of prisoners subjects him to cruel and unusual
punishment under the Eighth Amendment is without merit. A prisoner claiming that he
was subjected to cruel and unusual punishment based on the conditions of his
confinement must demonstrate, in part, that the infringement was sufficiently serious.
*See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "[E]xtreme deprivations are
required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503
U.S. 1, 9 (1992). The conditions must deprive a prisoner of the "'minimal civilized

measure of life's necessities.' " *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). In the absence "of a specific deprivation of a human need, an Eighth Amendment claim based on prison conditions must fail." *Shifrin v. Fields*, 39 F.3d 1112, 1114 (10th Cir. 1994) (internal quotation marks omitted). The core areas entitled to protection pursuant to the Eighth Amendment include food, shelter, sanitation, personal safety, medical care, and adequate clothing. *See Clemmons v. Bohannon*, 956 F.2d 1523, 1527 (10th Cir. 1992).

In addition, an inmate asserting an Eighth Amendment claim must allege that Defendants acted with deliberate indifference. Deliberate indifference means that "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. That is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. Mr. Robinson fails to allege facts indicating that Defendants had any knowledge he faced a substantial risk of serious harm by not being allowed to go to the restroom during the formal prisoner count. Moreover, Mr. Robinson alleges that he disregarded the prison regulation and went to the restroom. Therefore, he has no basis for an Eighth Amendment claim. The claim will be dismissed.

The Court also will construe Mr. Robinson's claims liberally as asserting a due process violation because he is suing individuals involved in his disciplinary hearing, conviction, and appeal. Because Mr. Robinson was sanctioned with a loss of good-time credits following his disciplinary hearing, he is prohibited from pursuing any claims for

damages that challenge the validity of the disciplinary conviction. *See Edwards v. Balisok*, 520 U.S. 641 (1997). In *Edwards*, the Supreme Court held that a claim for damages and declaratory relief brought by a state prisoner challenging the validity of the procedures used to deprive him of good-time credits is not cognizable in a civil rights action pursuant to 42 U.S.C. § 1983 unless the prisoner can demonstrate that the underlying conviction or sentence has been invalidated. *Id.* at 648.

Mr. Robinson's liberally construed claims in this action challenge the validity of his disciplinary conviction and, therefore, the procedures used to deprive him of good-time credits. Mr. Robinson does not allege that his disciplinary conviction has been invalidated. Therefore, the claims for damages challenging the validity of his disciplinary conviction are barred by *Edwards*, and will be dismissed without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996).

To the extent Mr. Robinson may seek restoration of the lost good-time credits, his claims are not barred by *Edwards*. However, those claims still must be dismissed because his sole federal remedy to seek restoration of the lost good-time credits is a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (2006). *See Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973). Construing the complaint liberally as asserting habeas corpus claims, the Court finds that the habeas claims must be dismissed because Mr. Robinson fails to allege that he has exhausted state remedies. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (holding that exhaustion requirement applies to state prisoners challenging the execution of their sentences). Accordingly, it is

ORDERED that Plaintiff, Tommy Lee Robinson's, Eighth Amendment claims for money damages alleging cruel and unusual punishment are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous. It is

FURTHER ORDERED that the liberally construed claims for damages challenging the validity of Mr. Robinson's disciplinary conviction are dismissed without prejudice as barred by the rule in *Edwards v. Balisok*, 520 U.S. 641 (1997). It is

FURTHER ORDERED that the liberally construed habeas corpus claims are dismissed without prejudice for failure to exhaust state remedies.

DATED at Denver, Colorado, this 28 day of February, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02254-BNB

Tommy Lee Robinson
Prisoner No. 96490
Trinidad Corr. Facility
PO Box 2000
Trinidad, CO 81082

    I hereby certify that I have mailed a copy of this **ORDER AND JUDGMENT** to the above-named individuals on 3/3/08

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk